UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GENE JOHN LENZI,<br><br>Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security<br><br>Defendant. | No. 2:14-cv-2841-EFB<br><br><br><br>ORDER |

Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying his application for a period of disability and Disability Insurance Benefits ("DIB") under Title II of the Social Security Act. The parties' cross-motions for summary judgment are pending. For the reasons discussed below, the Commissioner's motion is granted and plaintiff's motion is denied.

I.   BACKGROUND

Plaintiff filed an application for a period of disability and DIB, alleging that he had been disabled since July 1, 2003.[1] Administrative Record ("AR") at 147-150. Plaintiff's application was denied initially and upon reconsideration. *Id*. at 108-112, 114-118. On April 24, 2013, a

---

[1] Plaintiff's application indicates that his alleged onset date was July 1, 2003, AR 147, but virtually all other documents in the record indicate that plaintiff's alleged onset date was July 1, 2004, *see e.g.*, *id*. at 17, 86, 95. The discrepancy is not material to resolution of plaintiff's claim.

1

hearing was held before administrative law judge ("ALJ") Jean Kerins. *Id*. at 46-84. Plaintiff was represented by counsel at the hearing, at which he and a vocational expert ("VE") testified. *Id*.

On May 15, 2013, the ALJ issued a decision finding that plaintiff was not disabled under sections 216(i) and 223(d) of the Act.[2] *Id*. at 17-29. The ALJ made the following specific findings:

1. The claimant last met the insured status requirements of the Social Security Act on December 31, 2010.

---

[2] Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program, 42 U.S.C. §§ 401 *et seq*. Supplemental Security Income ("SSI") is paid to disabled persons with low income. 42 U.S.C. §§ 1382 *et seq*. Under both provisions, disability is defined, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment." 42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A). A five-step sequential evaluation governs eligibility for benefits. *See* 20 C.F.R. §§ 423(d)(1)(a), 416.920 & 416.971-76; *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App.1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

*Lester v. Chater*, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. *Yuckert*, 482 U.S. at 146 n.5. The Commissioner bears the burden if the sequential evaluation process proceeds to step five. *Id.*

2. The claimant did not engage in substantial gainful activity during the period from his alleged onset date of July 1, 2004 through his date last insured of December 31, 2010 (20 CFR 404.1571 *et seq.*).

* * *

3. Through the date last insured, the claimant had the following medically determinable impairments: hypertension, hyperlipidemia, anemia, status post colonoscopy with polyp removal, gastroesophageal reflux disease (GERD), umbilical hernia, acute diverticulitis, degenerative disc disease of the cervical spine, history of right knee joint effusion, history of acute helicobacter pylori infection, contraction of right middle finger, and alcohol abuse (20 CFR 404.1521 *et seq.*).  During the relevant period, the claimant's PTSD, anxiety and panic attacks were not medically determinable impairments; alternatively, the possible PTSD/anxiety disorder is nonsevere.

* * *

4. Through the date last insured, the claimant did not have an impairment or combination of impairments that significantly limited the ability to perform basic work related activities for 12 consecutive months; therefore, the claimant did not have a severe impairment or combination of impairments (20 CFR 404.1521 *et seq.*).

* * *

5. The claimant was not under disability, as defined in the Social Security Act, at any time from July 1, 2004, the alleged onset date, through December 31, 2010, the date last insured (20 CFR 404.1520(c)).

*Id.* at 19-28.

Plaintiff's request for Appeals Council review was denied on October 8, 2014, leaving the ALJ's decision as the final decision of the Commissioner. *Id.* at 1-6.

II.     LEGAL STANDARDS

The Commissioner's decision that a claimant is not disabled will be upheld if the findings of fact are supported by substantial evidence in the record and the proper legal standards were applied. *Schneider v. Comm'r of the Soc. Sec. Admin.*, 223 F.3d 968, 973 (9th Cir. 2000); *Morgan v. Comm'r of the Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).

The findings of the Commissioner as to any fact, if supported by substantial evidence, are conclusive. *See Miller v. Heckler*, 770 F.2d 845, 847 (9th Cir. 1985).  Substantial evidence is

more than a mere scintilla, but less than a preponderance. *Saelee v. Chater*, 94 F.3d 520, 521 (9th Cir. 1996). "'It means such evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938)).

"The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001) (citations omitted). "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

III. <u>ANALYSIS</u>

Plaintiff argues that the ALJ erred in finding that he did not have a medically determinable mental impairment prior to his date last insured by failing to (1) properly evaluate and credit plaintiff's VA disability rating and (2) utilize the services of a medical expert to determine the onset of his PTSD. ECF No. 15 at 10-21.

    A. <u>ALJ did not err by giving little weight to the VA's disability rating</u>

Plaintiff first argues that the ALJ failed to properly evaluate and credit plaintiff's VA disability rating. *Id*. at 10-19.

Generally, an ALJ is required to give great weight to a VA disability rating. *McCartey v. Massanari*, 298 F.3d 1072, 1075 (9th Cir. 2002). "While a VA disability decision does not necessarily compel the [Social Security Administration] to reach an identical result, the ALJ must consider the VA's finding in reaching his decision, because of the similarities between the VA disability program and the Social Security disability program." *Hiler v. Astrue*, 687 F.3d 1208, 1211 (9th Cir. 2012). However, "[b]ecause the standards for evaluating disability under the two programs is not identical, . . . the ALJ may give less weight to a VA disability rating if he gives persuasive, specific, valid reasons for doing so that are supported by the record." *McCartey*, 298 F.3d at 1075; *see also Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 695 (9th Cir. 2009).

Plaintiff served in the Army from August 1967 to June 1969. AR at 226. On July 29, 2011, plaintiff filed a claim for benefits with the VA. *Id*. On March 7, 2013, the VA issued a

decision rating plaintiff's disability due to PTSD at 50 percent. *Id.* The VA's decision explained that the rating was effective July 29, 2011, the date plaintiff submitted his application, because "[w]hen a claim of service connection is received more than one year after discharge from active duty, the effective date is the date VA received the claim." *Id.* at 226-228.[3] In reaching its determination the VA considered, among other things, medical treatment records from May 2011 through August 2012. *Id.* at 227.

In finding that plaintiff was not disabled, the ALJ accorded "little weight" to plaintiff's VA rating, finding that it was "based on evidence outside the relevant adjudicatory period and inconsistent with the claimant's lack of mental diagnosis or mental treatment prior to December 31, 2011 [sic]." AR at 27. Thus, the ALJ discounted the rating because it was based on evidence dated after plaintiff's last insured date.

To qualify for disability benefits under Title II of the Social Security Act, plaintiff was required to demonstrate that he was disabled prior to December 31, 2010, his last insured date. 42 U.S.C. § 423(c); 20 C.F.R. § 404.1520; *see Morgan v. Sullivan*, 945 F.2d 1079, 1080 (9th Cir. 1991). The VA disability determination indicates that plaintiff's VA rating was based on "treatment reports from Martinez VA Medical Center dated May 2011 to August 2012" and other letters, questionnaires and statements dated between 2011-2013. AR at 226-227. As all the evidence considered by the VA was dated after plaintiff's date last insured, the ALJ accorded the disability rating little weight.

Plaintiff argues that the VA's effective date did not accurately reflect his actual onset date for his PTSD. He argues that although his PTSD diagnosis was made after his date last insured, the PTSD is related to his time in Vietnam and that use of "the effective date of July 29, 2011 did not reflect the VA's opinion with respect to the onset of when Mr. Lenzi's PTSD began." ECF No. 15 at 15. Plaintiff misunderstands the ALJ's reasoning. The ALJ did not reject the VA's determination because the effective date of the disability rating was after plaintiff's date last

---

[3] Plaintiff previously received a VA disability of 10% due to a hand impairment, which the ALJ incorrectly referred to as an initial PTSD rating. AR at 27. The ALJ's treatment of this rating is not at issue.

insured. Rather, the ALJ rejected the VA disability rating because it was based on evidence that postdated plaintiff's last insured date. AR at 27, 226-228. Further, contrary to plaintiff's suggestion, the fact that the VA determined that plaintiff's PTSD was related to his military service does not establish that he actually had functional limitations from PTSD prior to the date last insured. In fact, medical records from the VA indicate that in November 2004, well after plaintiff's military service, plaintiff was screened for PTSD and depression, which negative results for both. *Id*. at 308. Plaintiff also had negative PTSD and depression screens in May 2006, (*id*. at 284), July 2007 (*id*. at 253), and July 2008 (*id*. at 594). Significantly, plaintiff fails to cite to any objective medical evidence establishing that he suffered from PTSD prior to 2011.

Plaintiff appears to acknowledge the lack of medical evidence during the relevant period, arguing that he should not be penalized for failure to seek treatment because veterans often do not seek treatment for PTSD. ECF No. 15 at 18. He argues that the Ninth Circuit has recognized that mental illness can be hard to diagnosis, is under reported, and that it would be a questionable practice to chastise those experiencing mental health issues for a failure to seek treatment sooner. *Id*. at 19; *see Nguyen v. Chater*, 100 F.3d 1462, 1465 (9th Cir. 1996); *Garrison v. Colvin*, 759 F.3d 995, 1018 (9th Cir. 2014). Plaintiff, however, did seek medical treatment within the relevant time period and explicitly *denied* experiencing any symptoms of PTSD or depression when questioned by doctors on numerous occasions. AR at 253, 284, 308, 529, 539, 541, 589, 592, 594.

Disability determinations must be based on objective medical findings. *Ukolov v. Barnhart*, 420 F.3d 1002, 1005 (9th Cir. 2005); 20 C.F.R. § 404.1508. Plaintiff's contention that his mental impairments prevented him from working prior to his date last insured rests heavily on his subjective statements. The ALJ, however, discredited plaintiff's symptom testimony because it was not supported by any objective medical findings. AR at 21. Specifically, the ALJ stated:

> A medically determinable impairment may not be established solely based on "symptoms alone" nor on claimant's allegations regarding symptomology (20 CFR 416.908 and SSR 96-4p). There must be evidence from an "acceptable medical source" in order to establish the existence of a medically determinable impairment (SSR 06-3p). Based on the claimant's lack of mental diagnosis and lack of mental health treatment during the

relevant period, the undersigned cannot accord weight to the claimant's allegations of PTSD or anxiety-related symptoms during the relevant period.

*Id.*

Any subjective complaints or symptoms plaintiff experienced, without objective medical evidence, are not enough to establish a disability. *Ukolov*, 420 F.3d at 1005 ("under no circumstances may the existence of an impairment be established on the basis of symptoms alone"). Thus, the ALJ did not err in finding that plaintiff's subjective complaints failed to demonstrate that he had PTSD prior to December 31, 2010.

Accordingly, the ALJ provided persuasive, specific, valid reasons for giving little weight to the VA disability determination and therefore did not err in evaluating this evidence.

### B. ALJ did not commit reversible error by failing to consult a medical expert regarding the onset date.

Plaintiff also argues that the ALJ erred by failing to utilize the services of a medical expert to determine the onset of his PTSD. ECF No. 15 at 19-21. Generally, an ALJ is required to consult a medical expert if there is ambiguity as to the onset of the disability. *Armstrong v. Comm'r Soc. Sec. Admin.*, 160 F.3d 587, 590 (9th Cir. 1998) ("If the medical evidence is not definite concerning the onset date and medical inferences need to be made, SSR 83-20 requires the administrative law judge to call upon the services of a medical advisor and to obtain all evidence which is available to make the determination.") (internal quotations omitted).

However, in this case the ALJ did not simply find that plaintiff failed to demonstrate that the onset date for his PTSD was prior to the date last insured. The ALJ found, in the alternative, that plaintiff's PTSD was nonsevere. AR 20, 24. In making this finding, the ALJ observed that plaintiff had a positive response to medication within twelve months of his initial diagnosis, that he failed to comply with his prescribed course of treatment, and that he discontinued all mental health treatment after March 2012. AR at 26.

/////

/////

The Social Security Act defines disability as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. 416(i). A condition which can be controlled or corrected by medication is not disabling. *Montijo v. Secretary of HHS*, 729 F.2d 599, 600 (9th Cir. 1984); *see also Odle v. Heckler*, 707 F.2d 439, 440 (9th Cir. 1983) (rib condition controlled with antibiotics not considered disabling).

Even if the ALJ found plaintiff's allegations of pre-existing PTSD to be credible, plaintiff's medical records dated after December 31, 2010 show a positive response to psychotropic medication within twelve months of the initial diagnosis. In October 2011 plaintiff reported that the medication was "really helping him be more mellow and less depressed and anxious." AR at 427-428. The doctor's notes state plaintiff's mood as "less irritable; upbeat affect." *Id*. In November 2011 plaintiff reported moderate improvement in irritability with medication. *Id*. at 425. In November 2011 he also stated that counseling was beneficial. *Id*. In March 2012 he reported that his mood and irritability were improving with medication and counseling. *Id*. at 617-618. This evidence supports the ALJ's finding that plaintiff's symptoms were controlled effectively with medication.

The ALJ also noted "a pattern of noncompliance with recommended anger management classes." *Id.* at 26; *see id.* 400 (treatment note dated January 26, 2012, indicating that plaintiff attended 3 out of 9 anger management group classes and that he was "not able to receive services on a consistent basis" because of "his busy travel schedule."). The Ninth Circuit has repeatedly held that a plaintiff's failure to comply with treatment plans can be used as evidence to show that plaintiff was not as disabled as alleged. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008) (ALJ properly inferred plaintiff was not in disabling pain due to plaintiff's failure to seek treatment and failure to take medication proscribed for treatment); *see also Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir.1989); *Bunnell v. Sullivan*, 947 F.2d 341, 346 (9th Cir. 1991). Plaintiff's lack of compliance with his prescribed course of treatment was an appropriate consideration in assessing the severity of plaintiff's PTSD.

More significantly, the record supports the ALJ's finding that plaintiff's mental impairments did not last more than 12 months. *See* 42 U.S.C. §§ 416(i), 423 (to have a disability the plaintiff must have "any medically determinable physical or mental impairment which can be expected to result in death or has lasted or can be expected to last for a continuous period of not less than 12 months"). Plaintiff received his diagnosis of PTSD in April 2011 (AR at 448) and saw an improvement with medication by October 2011 (*id.* at 427-428), a mere six months after diagnosis. In March 2012, he reported improved mood and irritability (*id*. at 617-618), and there are no further records of mental health treatment after this date. Given the positive response to medication coupled with the fact that plaintiff sought treatment for less than one year, the ALJ permissibly concluded that plaintiff's symptoms from PTSD did not last more than 12 months.

As the ALJ made the additional finding that plaintiff's PTSD was nonsevere, even after the date last insured, there was no need for the ALJ to determine the precise onset date for his PTSD. Accordingly, the ALJ did not commit reversible error by failing to consult a medical expert.

IV.  CONCLUSION

Accordingly, it is hereby ORDERED that:

1. Plaintiff's motion for summary judgment is denied;

2. The Commissioner's cross-motion for summary judgment is granted; and

3. The Clerk is directed to enter judgment in the Commissioner's favor.

DATED: March 24, 2016.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE